No. 25-50253

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

**UNITED STATES OF AMERICA**,
Plaintiff - Appellee

v.

**ARNOLD TENORIO PEREZ, JR.**,
Defendant - Appellant

---

On Appeal from the United States District Court for the
Western District of Texas, Waco Division
U.S.D.C. No. 6:13-cr-00215 (1)

---

**BRIEF OF APPELLANT ARNOLD TENORIO PEREZ, JR.**

---

October 29, 2025

John A. Kuchera

210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com

*Attorney for Appellant*

i

## Certificate of Interested Persons

The undersigned counsel of record for Appellant certifies that the following parties have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusals in accordance with Local Rule 28.2.1:

U.S. District Judge: Alan D. Albright, 800 Franklin Ave., Room 301, Waco, TX 76701

U.S. Magistrate Judge: Derek Gilliland, 800 Franklin Ave., Waco, TX 76701

AUSA: Mark Frazier, 800 Franklin Avenue, Suite 280, Waco, Texas 76701

AUSA: Stephanie Smith-Burris, 800 Franklin Avenue, Suite 280, Waco, Texas 76701

Appellant's Trial Counsel, Dan N. MacLemore, IV, 220 South Fourth Street, Waco, Texas 76701

Government Appellate Counsel: Zachary Richter, 903 San Jacinto Blvd., Suite 334, Austin, Texas 78701-2449

Appellant's Appellate Counsel: John A. Kuchera, 210 N. 6th Street, Waco, Texas 76701

/s/ John A. Kuchera
John A. Kuchera

ii

## Statement Regarding Oral Argument

Undersigned counsel has been appointed under the Criminal Justice Act (CJA) to represent Appellant on appeal. Therefore, the internal operating procedures of this Court make oral argument mandatory unless, after examination of the briefs and record, a three-judge panel of this Court shall be unanimously of the opinion that (1) this appeal is frivolous, (2) the dispositive issue or set of issues has been authoritatively decided or (3) the facts and legal arguments are adequately presented in the briefs and record and the decision process would not be significantly aided by oral argument. See Rule 34(a), Federal Rules of Appellate Procedure, Local Rule 34.8 and IOPs Fifth Circuit Rules & IOPs.

/s/ John A. Kuchera
John A. Kuchera

iii

## Table of Contents

|  | Page |
|---|---|
| Certificate of Interested Persons | ii |
| Statement Regarding Oral Argument | iii |
| Table of Contents | iv-v |
| Table of Authorities | vi-viii |
| Statement of Jurisdiction | ix |
| Statement of Issues Presented | x |
| Statement of the Case | 1-3 |
| Summary of the Argument | 4 |
| Argument and Authorities | |
| 1. Because a magistrate judge does not have constitutional or statutory authority to conduct the sentencing portion of a supervised release revocation hearing, Perez's sentence is a nullity. | 5-17 |
| (a) Article III judges | 5 |
| (b) Magistrate judges | 5-7 |
| (c) Standard of review | 7-8 |
| (d) Sentencing requires personal interaction between the Article III judge and the defendant | 8-10 |
| (e) What about Title 18 U.S.C. § 3401(i)? | 10-12 |
| (f) Sentencing requires an Article III judge to consider § 3553(a) factors and nonbinding policy statements | 12-15 |
| (g) Instructive case | 15-17 |
| (h) Summary | 17 |

2. Alternatively, because there is no indication in the record that the district court (1) designated the magistrate judge to conduct the revocation hearing, or (2) conducted a de novo review of the revocation proceeding, the proceeding was a nullity.   18-21

   *(a) Background*   18
   *(b) Designating a magistrate judge to conduct a hearing*   18-19
   *(c) Standard of review and harm analysis*   19-21

Conclusion   22

Certificate of Service   22

Certificate of Compliance   23

## Table of Authorities

Page(s)

### Cases

*Banks v. United States,*
 614 F.2d 95 (6th Cir. 1980).............................................. 12, 15, 16, 17

*Mathews v. Weber,*
 423 U.S. 261 (1976) ........................................................... 6

*Rivera v. Illinois,*
 556 U.S. 148 (2009) ........................................................... 7

*In re Texas Gen. Petroleum Corp.,*
 52 F.3d 1330 (5th Cir. 1995)............................................... 20

*Thomas v. Whitworth,*
 136 F.3d 756 (11th Cir. 1998)............................................. 6

*United States v. Ayers,*
 946 F.2d 1127 (5th Cir. 1991)............................................ 9

*United States v. Azure,*
 539 F.3d 904 (8th Cir. 2008)............................................. 19

*United States v. Bolivar-Munoz,*
 313 F.3d 253-256 (5th Cir. 2002)....................................... 19, 20

*United States v. Brigham,*
 569 F.3d 220 (5th Cir. 2009)............................................. 8, 9

*United States v. Diggles,*
 957 F.3d 551 (5th Cir. 2020)............................................. 8, 9

*United States v. Figueroa-Coello,*
 920 F.3d 260 (5th Cir. 2019)............................................. 10

*United States v. Garcia-Oquendo,*
 144 F.4th 66 (1st Cir. 2025)............................................. 11

*United States v. Harden,*
758 F.3d 886 (7th Cir. 2014) ............................................................ 6, 7

*United States v. Johnston,*
258 F.3d 361 (5th Cir. 2001) ........................................................... 5, 7

*United States v. Mers,*
701 F.2d 1321 (11th Cir. 1983) ........................................................... 6

*United States v. Myers,*
150 F.3d 459 (5th Cir. 1998) ............................................................. 10

*United States v. Ruiz-Rodriguez,*
277 F.3d 1281 (11th Cir. 2002) ..................................................... 6, 10

*United States v. Sanchez-Sanchez,*
333 F.3d 1065 (9th Cir. 2003) ....................................................... 7, 19

*United States v. Schnitker,*
281 F. App'x 295 (5th Cir. 2008) ...................................................... 17

*United States v. Thurmond,*
914 F.3d 612 (8th Cir. 2019) .............................................................. 9

*United States v. Walker,*
742 F.3d 614 (5th Cir. 2014) ............................................................ 12

*United States v. Wilson,*
864 F.2d 1219 (5th Cir. 1989) ..................................................... 20, 21

*United States v. Wilson,*
No. 23-87, 2025 U.S. Dist. LEXIS 138575 (E.D. La. 2025) ................ 20

*Wellness Int'l Network, Ltd. v. Sharif,*
575 U.S. 665 (2015) ........................................................................... 5

**Statutes**

18 U.S.C. § 3401(i) ............................................................. 10, 12, 18, 19

18 U.S.C. § 3553(a) ...................................................................... 12, 13, 17

18 U.S.C. § 3583(e) ...................................................................... 10, 13, 18

28 U.S.C. § 636............................................................................... 6, 18

28 U.S.C. § 636(a)(3) ......................................................................... 6

28 U.S.C. § 636(b)(1)(A) ..................................................................... 6

28 U.S.C. § 636(b) .......................................................................... 18

28 U.S.C. § 636(b)(3) ..................................................................... 6, 15

## Other Authorities

U.S. Constitution Article III, §1 ........................................................... 5

Fed. R. Crim. P. 32 ....................................................................... 10

Fed. R. Crim. P. 32(i)(4)(A)(ii) ............................................................ 9

Fed. R. Crim. P. 32.1(b)(1)(A) ........................................................... 11

Fed. R. Crim. P. 32.1(b)(1)(C) ........................................................... 11

## Statement of Jurisdiction

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. 18 U.S.C. § 3231. Perez was initially charged with and convicted of violating Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ROA.21, 40-42.

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States. 28 U.S.C. § 1291. Notice of appeal in a criminal case must be filed in the district court within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(1). The revocation order was signed March 26, 2025. ROA.88. Perez's notice of appeal was filed March 31, 2025. ROA.89-90.

This is an appeal from a final judgment.

## Statement of Issues Presented

1. Whether Perez's revocation sentence is a nullity, given that the magistrate judge did not have constitutional or statutory authority to conduct the sentencing portion of Perez's supervised release revocation hearing.

2. Alternatively, whether the revocation proceeding before a magistrate judge was a nullity, given that there is no indication in the record that the district court (1) designated the magistrate judge to conduct the revocation hearing, or (2) conducted a *de novo* review of the proceedings below.

x

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

NOW COMES Arnold Tenorio Perez, Jr., Appellant, by and through undersigned counsel, and files this brief pursuant to the Federal Rules of Appellate Procedure.

## Statement of the Case

Perez was charged in a one-count indictment (filed September 10, 2013) with possession with intent to distribute methamphetamine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ROA.21. He entered a guilty plea to the charged offense, and was sentenced on January 22, 2014 to 84 months in prison and three years of supervised release. ROA.40-42.

Perez's term of supervised release began May 22, 2020. ROA.59. On November 17, 2021, the probation officer filed a petition for warrant, alleging four violations. ROA.61-63. On July 15, 2022, the probation officer filed another petition for warrant, alleging five violations. ROA.64-67. On October 31, 2024, the probation officer filed a second amended petition for warrant, alleging six violations. ROA.71-74.

1

On March 17, 2025, the magistrate judge issued an "Order Setting Preliminary / Final Supervised Release Revocation Hearing." ROA.77.

On March 25, 2025, Perez and his appointed counsel signed (1) a waiver of preliminary hearing, and (2) a consent to allocution before United States Magistrate Judge. ROA.78-79.

On March 25, 2025, a final revocation hearing was held (for Perez, as well as another defendant) before the magistrate judge. ROA.103-04. Perez waived reading of the petition, and entered a plea of true to each of the six alleged violations. ROA.106, 109-10, 114. The magistrate judge found that there was a sufficient factual basis to support each plea of true, and made a finding that Perez had violated the terms of his supervised release. ROA.114-15.

The magistrate judge then stated: "So now we'll move to the sentencing or punishment phase of this proceeding." ROA.115. After allowing the parties (including Perez) to speak, the magistrate judge stated: "I'm going to recommend that Mr. Perez be sentenced to time in custody of 21 months to run consecutive to any state time and only credit for time that he's been in federal custody with no supervision to follow."

ROA.118. Perez and his counsel signed a waiver of the fourteen-day period to file objections. ROA.81.

The magistrate filed his report and recommendation with the district court the next day, March 26, 2025, and the district judge (also the same day) purportedly adopted the magistrate's report and passed sentence accordingly. ROA.82-88.

Perez's notice of appeal was filed March 31, 2025. ROA.89-90. Trial counsel was allowed to withdraw and undersigned counsel was appointed to handle the appeal. ROA.91-92, 94.

## Summary of the Argument

**First Issue:** An Article III judge has a duty in a supervised release revocation proceeding to (1) interact personally with the defendant, and (2) consider on the record the sentencing factors set forth in Title 18 U.S.C. § 3553(a). Neither of those things happened in this case. Because the district judge sentenced Perez *in absentia,* the revocation sentence imposed is a nullity.

**Second issue:** Alternatively, for a magistrate judge to conduct any part of a felony supervised release revocation proceeding, there must be a specific designation by the district judge in the record. Additionally, the record must establish that the district judge engaged in a *de novo* review of the proceedings that took place before the magistrate. Because neither of these requirements were met, Perez's revocation sentence is a nullity.

## Argument and Authorities

*1. Because a magistrate judge does not have constitutional or statutory authority to conduct the sentencing portion of a supervised release revocation hearing, Perez's sentence is a nullity.*

*(a) Article III judges*

Article III, §1 of the U.S. Constitution provides that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. Congress may not withdraw from Article III courts "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Wellness Int'l Network, Ltd. V. Sharif,* 575 U.S. 665, 668 (2015). Article III provides for structural guarantees which ensure respect for separation-of-powers principles, and bars congressional attempts to transfer jurisdiction to non-Article III tribunals. *United States v. Johnston,* 258 F.3d 361, 366-67 (5th Cir. 2001).

*(b) Magistrate judges*

The authority of federal magistrate judges is limited. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). "Magistrates are not Article III judges[.]" *United States v. Mers*, 701 F.2d 1321, 1338 (11th Cir. 1983). "[M]agistrate judges draw their authority entirely from an exercise of Congressional power under Article I of the Constitution." *Thomas v. Whitworth,* 136 F.3d 756, 758 (11th Cir. 1998). Congress has granted authority to magistrate judges in 28 U.S.C. § 636 (Federal Magistrate Act) and 18 U.S.C. § 3401.*United States v. Rodriguez*, 277 F.3d 1281, 1285 (11th Cir. 2002).

The Magistrate Act sets forth three types of duties for magistrate judges:

- certain enumerated tasks without the parties' consent – 28 U.S.C. §§ 636(a)(4), (b)(1)(A);

- other enumerated tasks, only with the parties' consent – 28 U.S.C. §§ 636(a)(3), (b)(1)(A); and

- "such additional duties as are not inconsistent with the Constitution and laws of the United States" – 28 U.S.C. § 636(b)(3).

*United States v. Harden,* 758 F.3d 886, 888 (7th Cir. 2014). If a duty is not specifically enumerated, it must be "comparable" to an enumerated duty to come within the "additional duties" clause. *Id.* If a not-

specifically-enumerated task is performed by a magistrate judge that does not come within the additional duties clause, the defendant's consent is irrelevant. *Id.* at 889-90. When a federal judge or tribunal lacks authority to adjudicate a controversy, the resulting judgment is invalid as a matter of law. *Rivera v. Illinois,* 556 U.S. 148, 161 (2009).

In determining whether a "not specifically enumerated" task comes within the "additional duties" provision, the first question is "whether Congress, in passing legislation governing magistrate judges, intended for them to perform the duty in question." *Johnston,* 258 F.3d at 363. In making that determination, legislation should be interpreted with a view towards avoiding constitutional issues; i.e., "whether the delegation of the duty to a magistrate judge offends the principles of Article III of the Constitution." *Id.* at 363-64.

### (c) Standard of review

"The scope of authority and powers of a magistrate judge are questions of law reviewed de novo." *United States v. Sanchez-Sanchez,* 333 F.3d 1065, 1068 (9th Cir. 2003).

Perez could not be expected to object at the revocation hearing to a sentence that did not yet exist. *See United States v. Diggles,* 957 F.3d 551, 557 (5th Cir. 2020) ("Including a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is tantamount to sentencing the defendant *in absentia*."). Thus, because Perez's challenges herein rest on legal and constitutional grounds, review is *de novo. United States v. Brigham*, 569 F.3d 220, 224 (5th Cir. 2009).

### (d) Sentencing requires personal interaction between the Article III judge and the defendant

Perez signed the following waiver prior to the revocation hearing before the magistrate judge:

> Consent to Allocution Before United States Magistrate Judge
>
> I, Arnold Tenorio Perez Jr., agree to proceed with the hearing regarding my supervised release violations before a United States Magistrate Judge. I understand that any revocation of supervised release is subject to the approval of the District Court and that I waive my right to be present when the District Court modifies the sentence.
>
> Signed 03/25/2025.

ROA.78.

There is authority for the notion that a defendant can waive his

8

right to allocution. *See United States v. Thurmond*, 914 F.3d 612, 614 (8th Cir. 2019) ("Unless waived, a defendant is 'entitled to . . . an opportunity to make a statement and present any information in mitigation.' Fed. R. Crim. P. 32.1(b)(2)(E)."). There is however no authority for the proposition that a defendant can waive – on behalf of an Article III judge – that judge's sentencing duties in a supervised release revocation proceeding.

"Procedural due process rights apply in revocation hearings." *United States v. Ayers*, 946 F.2d 1127, 1129 (5th Cir. 1991). The sentencing hearing is "usually *the* critical stage" in a criminal case. *United States v. Diggles,* 957 F.3d 551, 558 (5th Cir. 2020). Sentencing, unlike other matters properly handled by magistrate judges, requires the legal judgment and acumen of a learned jurist, who, at times must "do the unpopular" and, therefore, may need the shield of independence afforded by Article III. *United States v. Brigham,* 569 F.3d 220, 228 (5th Cir. 2009).

The Fifth Circuit has held – citing Fed. R. Crim. P. 32(i)(4)(A)(ii) – "[t]he rule is clear: Before sentencing, the court must 'address the defendant personally' and allow him to offer any mitigating information

affecting his sentence." *United States v. Figueroa-Coello,* 920 F.3d 260, 264 (5th Cir. 2019). "[T]he court must interact directly with the defendant [.]" *Id.* at 265. Rule 32 envisions a *personal* colloquy between the sentencing judge and the defendant. *United States v. Myers,* 150 F.3d 459, 461 (5th Cir. 1998).

> *(e) What about Title 18 U.S.C. § 3401(i)?*

Title 18 U.S.C. § 3401(i) provides:

> A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title.

18 U.S.C. § 3401(i). This subsection was added to § 3401 in 1992. *United States v. Ruiz-Rodriguez,* 277 F.3d 1281, 1286 n.9 (11th Cir. 2002). This statute does not specifically grant a district judge authority to delegate to a magistrate judge in a felony case even the evidentiary and fact-finding portion of a sentencing hearing. *Id.* at 1286-87, 1291-92.

10

Rule 32.1 of the Federal Rules of Criminal Procedure, entitled "Revoking or Modifying Probation or Supervised Release," provides in relevant part:

> If a person is in custody for violating a condition of . . . supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing.

Fed. R. Crim. P. 32.1(b)(1)(A).

> If the judge finds probable cause, the judge must conduct a revocation hearing. If the judge does not find probable cause, the judge must dismiss the proceeding.

Fed. R. Crim. P. 32.1(b)(1)(C).

The First Circuit has interpreted these rules to mean that if the magistrate judge finds probable cause, the case is then referred to the district judge for a final revocation hearing. *United States v. Garcia-Oquendo,* 144 F.4th 66, 69-70 (1st Cir. 2025). The Advisory Committee Notes to Rule 32.1 include the following:

> Rule 32.1 has been completely revised and expanded. . . [S]ome language formerly located in Rule 40 has been moved to revised Rule 32.1. Throughout the rule, the terms "magistrate judge," and "court" . . . are used to reflect that in revocation cases, initial proceedings in both felony and misdemeanor cases will normally be conducted before a magistrate judge, although a district judge may also conduct them. *But a district judge must make the revocation decision if the offense of*

11

*conviction was a felony.* See 18 U.S.C. § 3401(i) (recognizing that district judge may designate a magistrate judge to conduct a hearing and submit proposed findings of fact and recommendations). (Emphasis added.)

Fed. R. Crim. P. 32.1 Advisory Committee Notes (2002 Amendments) (Note to Subdivision (b)(3) and (4)).

### *(f) Sentencing requires an Article III judge to consider § 3553(a) factors and nonbinding policy statements*

"[S]entencing is probably the most difficult task faced by a federal district judge[.]" *Banks v. United States,* 614 F.2d 95, 99 (6th Cir. 1980). "In imposing a revocation sentence, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a) and the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines." *United States v. Walker,* 742 F.3d 614, 616 (5th Cir. 2014).

The § 3553(a) factors to be considered are:

The nature and circumstances of the offense and the history and characteristics of the defendant;

The need for the sentence imposed—
to afford adequate deterrence to criminal conduct;

to protect the public from further crimes of the defendant; and

12

to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The kinds of sentence and the sentencing range available;

Any pertinent policy statement issued by the Sentencing Commission

The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e), 3553(a).

The findings of the magistrate court herein – which make no reference to any of the above-referenced factors – are as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter the plea to the allegations.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant has not had an injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

13

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

ROA.83-84.

The magistrate judge concludes thusly:

The undersigned has carefully considered all the arguments and evidence presented by the parties and recommends that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for twenty-one months, to run consecutive to any state court sentence. No term of supervised release should follow.

ROA.84.

The district court's order accepting the magistrate's recommendation did little more than recite the language from the magistrate's report:

Perez appeared before the magistrate judge on March 25, 2025, waived his right to a preliminary hearing and to be

14

present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on March 26, 2025, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and intervening conduct of Perez, the magistrate judge recommends that this court revoke Perez's supervised release and that Perez be sentenced to imprisonment for twenty-one (21) months, with no term of supervised release to follow the term of imprisonment.

ROA.86-87.

### (g) Instructive case

In *Banks v. United States,* 614 F.2d 95 (6th Cir. 1980), the Sixth Circuit addressed the issue of whether a federal district judge could delegate the task of conducting a probation revocation hearing to the magistrate judge under the "additional duties" provision of the 18 U.S.C. § 636(b)(3). *Id.* at 95, 97.

No one disputes that a magistrate can conduct the preliminary hearing. And the government does not argue that a magistrate could re-sentence a defendant. *The question is whether a magistrate can conduct the actual revocation hearing and recommend a result to the district judge.* (Emphasis added.)

*Id.* at 96.

The Court held that this sort of delegation was improper:

15

> In our view, a probation revocation hearing was not meant to be included as one of the duties which could be delegated to a magistrate. The revocation hearing, while informal, necessarily requires fact-finding and credibility assessment. The issues adjudicated at the hearing are not procedural or administrative and do not turn on pure matters of law. With two exceptions, Congress has been careful to retain fact-finding functions in district judges. . . . We will not lightly infer that Congress meant to include probation revocation hearings as well.

*Id.* at 98.

> Important policy considerations support our view of the statute. Probation revocation in the federal system is a discretionary, open-ended process. . . . A district court has broad discretion whether to revoke probation and, if so, what length sentence to impose. . . . Sentencing is probably the most difficult task faced by a federal district judge. It is a difficult, highly subjective duty in which myriad factors play a part. Ultimately, a sentence is based on the district judge's evaluation of a defendant.

*Id.* at 98-99.

> It is important for the judge to be familiar with the circumstances surrounding the defendant's intervening conduct. If the violation is severe, stern action may be in order.
>
> . . .
>
> By referring the probation revocation hearing to a magistrate, a district judge deprives himself of a vital opportunity to assess the defendant prior to re-sentencing. The district court is not present to assess credibility and hear the defendant explain why he may have failed to comply with the terms of probation. A cold hearing record is no substitute for personal observation.

16

*Id.* at 99.

> *The vital consideration is that the same person who is doing the sentencing conduct the hearing.* (Emphasis added.)

*Id.* at 99 n.12.

### (h) Summary

The revocation proceedings in this case can be summarized as follows. The magistrate conducted the revocation hearing, listened to the evidence, and then made a sentencing recommendation. The district judge then signed off on that recommendation (without conducting any sort of review; see below). End of story. If this way of doing things is allowed to go unchecked, the Federal Magistrate Act will have been effectively circumvented. The Article III judge is not required to interact with the defendant; nor is he required to address any of the § 3553(a) factors on the record. The district judge herein simply sentenced Perez *in absentia. See United States v. Schnitker,* 281 F. App'x 295, 298-99 (5th Cir. 2008) (District court erred when it sentenced Schnitker without giving him the opportunity to appear.).

*2. Alternatively, because there is no indication in the record that the district court (1) designated the magistrate judge to conduct the revocation hearing, or (2) conducted a de novo review of the revocation proceeding, the proceeding was a nullity.*

### (a) Background

The following phrase appears in the magistrate judge's report and recommendation to the district judge: "The district judge referred the matter to the undersigned for the preparation of a report and recommendation." ROA.82. However, there is no notation in the docket sheet showing that the district court ever designated the magistrate judge to conduct Perez's revocation hearing.

### (b) Designating a magistrate judge to conduct a hearing

Title 18 U.S.C. § 3401(i) provides:

> A district judge *may designate* a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title.

18 U.S.C. § 3401(i). Title 28 U.S.C. § 636 also provides for situations where "a judge may designate a magistrate." 28 U.S.C. § 636(b). However,

18

this designation must appear in the record. *See United States v. Azure*, 539 F.3d 904, 907-08 (8th Cir. 2008) (Designation requires some indication in the record from the district court that designation occurred.); *United States v. Bolivar-Munoz*, 313 F.3d 253-256 (5th Cir. 2002) (District judge failed to timely enter proper referral order); *United States v. Sanchez-Sanchez*, 333 F.3d 1065, 1069 (9th Cir. 2003) (Because § 3401(i) must be strictly adhered to, magistrate had no authority to accept defendant's admission where there was no order in the record designating the magistrate judge to do so).

### (c) Standard of review and harm analysis

In *Bolivar-Munoz,* the Fifth Circuit held that "failure to designate" error is procedural error, not jurisdictional error. *Bolivar-Munoz,* 313 F.3d at 256. The Court further held that "defects in the order of referral procedural matters that can be waived if not properly preserved." *Id.* That holding however was based on the assumption that the duty assigned to the magistrate was "subject to meaningful review" by a district judge. *Id.*

19

"Meaningful review" means *de novo* review. *Id.* at 257. *De novo* review requires the district judge to make an independent determination by examining the pleadings and the evidence developed before the magistrate judge. *United States v. Wilson*, No. 23-87, 2025 U.S. Dist. LEXIS 138575, at *14 (E.D. La. 2025); *see also In re Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1337 (5th Cir. 1995) ("De novo review over an adjunct's ruling is crucial to maintaining Article III control over an adjunct.").

The district judge's order accepting the magistrate's recommendation includes the following language: "The court, *having reviewed the entire record* and finding no plain error, accepts and adopts the report and recommendation filed in this cause." ROA.87-88. The record however indicates that the district judge could not possibly have reviewed the entire record. The magistrate's report and recommendation was filed March 26, 2025. ROA.82. The district court's order – signed with a rubber stamp – was filed the same day. ROA.86. The transcript of the revocation hearing was not prepared until August 5, 2025. ROA.123.

*United States v. Wilson,* 864 F.2d 1219 (5th Cir. 1989) is instructive at this point. A special agent with the United States Customs Service

filed in the district court a petition to enforce summonses that had been served on the defendants-appellants to produce business records. *Id.* at 1220-21. The district court referred the petition to the magistrate judge "for disposition." *Id.* at 1221. The magistrate judge concluded, after a hearing, that the summonses should be enforced. The district court adopted the magistrate's findings and recommendations. *Id.* The dispute in the appellate court was whether or not the district court engaged in *de novo* review of the record, given that the district judge had indicated he was relying on a different standard of review. *Id.* The Fifth Circuit remanded the case:

> [T]he judge in this case still has not given sufficient indication that he made his own determination based upon the record and unrestrained by the findings and conclusions of the magistrate. The few passages from the district court's order cited by the government as revealing *de novo* review are inadequate. We therefore remand and instruct the district court to review the magistrate's ruling on the subpoena *de novo*.

*Id.* at 1222.

Perez argues similarly that the district court could not have engaged in *de novo* review and that remand is warranted.

21

## Conclusion

Perez requests that the cause be remanded back to the district court for a proper supervised release revocation proceeding.

Respectfully submitted,

/s/ John A. Kuchera

John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## Certificate of Service

I certify that on the 29th day of October, 2025, I electronically filed the foregoing with the Fifth Circuit Court of Appeals using the CM/ECF system which will send notification of such filing to the following:

Mr. Zachary C. Richter,
Assistant United States Attorney

/s/ John A. Kuchera
John A. Kuchera

22

## Certificate of Compliance with Rule 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 3,897 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Century, size 14 font.

/s/ John A. Kuchera
John A. Kuchera

Attorney for Arnold Tenorio Perez, Jr.,

Dated:  October 29, 2025